**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JAVIER RUEDA CARRERO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN CIMARRON CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | ) ) ) ) ) ) ) ) ) ) | Case No. CIV-26-01567-JD |

**ORDER**

Before the Court is Petitioner Javier Rueda Carrero's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ("Petition") [Doc. No. 1]. The Petition is an attempted continuation of a case the Court previously dismissed without prejudice in *Rueda Carrero v. Mullin*, No. 26-cv-00725-JD (W.D. Okla. May 31, 2026). There, Petitioner alleged he did not receive a bond hearing, and the Court dismissed because the record contradicted this allegation, as Petitioner received a bond hearing.

Here, the Petition's Ground One urges that the immigration judge found Petitioner was a flight risk "based on an incorrect finding that Petitioner failed to appear at a prior hearing," and that "Petitioner did not" actually "fail to appear" because "[t]he hearing date had been changed, and Petitioner did not receive proper notice." [Doc. No. 1 at 3, 7]. This is a fact issue that 8 U.S.C. § 1226(e) removes from the Court's ability to review: "No [district] court may set aside *any action or decision* by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or

parole." (emphasis added). Ground Two re-states the allegations of Ground One. [Doc. No. 1 at 7].

Ground Three asserts in conclusory fashion that "Petitioner's continued detention is arbitrary." *Id.* Petitioner invokes no provisions of law and leaves the "[s]upporting facts" section blank. *Id.* Moreover, Ground Three does not contravene the fact that an immigration judge found Petitioner to be a flight risk. *Rueda Carrero v. Mullin*, No. 26-cv-00725-JD, Dkt. No. 7-4 at 1–2 (W.D. Okla.). Petitioner may not appeal that decision to this Court. *See* 8 U.S.C. § 1226(e).

For these reasons—and for those previously given in *Rueda Carrero v. Mullin*, No. 26-cv-00725-JD (W.D. Okla. May 31, 2026)—the Court DISMISSES without prejudice Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. No. 1]. The Court further DENIES as moot Petitioner's Motion to Prevent Transfer. [Doc. No. 2]. A separate judgment will follow.

IT IS SO ORDERED this 30th day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE